**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JPMORGAN CHASE BANK N.A., | Case No.:  2:16-cv-02781-RFB-PAL |
| Plaintiff, | **ORDER** |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; and SUTTER CREEK HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation, | |
| Defendants. | |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company, | |
| Counter-Claimant | |
| v. | |
| JPMORGAN CHASE BANK N.A.; and WAI CHUNG NG, an individual | |
| Counter/Cross-Defendants. | |

## I.     INTRODUCTION

Before the Court is Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Default Judgment. ECF No 49. For the following reasons, the Court grants this motion.

## II.     PROCEDURAL BACKGROUND

JP Morgan Chase Bank, N.A. ("JP Morgan") filed its complaint against SFR and Sutter Creek Homeowners Association on December 5, 2016.  ECF No. 1. On March 3, 2017, SFR answered and asserted crossclaims against Wai Chung Ng and counter-claims against JP Morgan. ECF No. 25. On December 31, 2018, Plaintiff/Counter-Defendant JP Morgan and Defendant/Cross-Claimant SFR and Defendant Sutter Creek Homeowners Association filed a stipulation dismissing all claims between these parties with prejudice. ECF No. 42. On January 2,

2019, this Court granted the stipulation and noted that the case will stay open so pending cross-claims against William Chung Ng can be resolved. ECF No. 44. On January 4, 2019, SFR filed a Motion for Clerk's Entry of Default as to William Chung Ng, and it was entered on January 7, 2019. ECF Nos. 45,46. SFR filed a Motion for Default Judgment on April 2, 2020. ECF No. 49. No opposition has been filed. ECF No. 50.

**III.    LEGAL STANDARD**

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**IV.    DISCUSSION**

In considering the seven Eitel factors, the Court finds default judgment against Wai Chung Ng is warranted. The first and sixth factors favor granting default judgment because the Cross-Defendant failed to defend—or appear at all in this matter—since being served with the summons and the amended complaint. Ng's failure to appear for the past four years prejudices SFR by

preventing it from determining injunctive relief against Ng. Further, Ng's failure to appear for a substantial period of time demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, Ng's failure to appear prevents the Court from determining the cross-claims on its merits.

The second and third factors also favor a grant of default judgment. SFR seeks quiet title and injunctive relief against Ng. There are sufficient exhibits attached to this instant motion demonstrating SFR is entitled to the relief requested. Thus, SFR has demonstrated its claims are meritorious.

Finally, there is no money at stake to counsel against the grant of default judgment. Thus, the Court finds the <u>Eitel</u> factors favor the grant of default judgment against Cross-Defendant.

## V.    CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Motion for Default Judgment (ECF No. 49) is GRANTED.

**IT IS FURTHER ORDERED** that the County Recorded for Clark County, Nevada is directed to expunge the notice of lis pendens recorded by Defendant SFR Investments Pool 1, LLC on the property located at 3232 Idaho Springs Street, North Las Vegas, NV 89032; APN 139-08-410-030.

The Clerk of the Court is instructed to enter judgment accordingly and close this case.

DATED: <u>November 16, 2020</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**